## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CORVIAS MANAGEMENT-ARMY, LLC, ) <br> AIRBORNE COMMUNITIES, LLC,　　　) <br> f.k.a., BRAGG COMMUNITIES, LLC,　　) <br> CORVIAS MILITARY LIVING, LLC,　　) <br>　　　　　　　　　　　　　　　　　　) <br>　　　　Plaintiffs,　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　) <br> vs.　　　　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　) <br> PHILADELPHIA INDEMNITY　　　　) <br> INSURANCE COMPANY,　　　　　　) <br>　　　　　　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　) <br>　　　　Defendant.　　　　　　　　　) | Case No. <br><br> Jury Demanded |

## COMPLAINT

Plaintiffs Corvias Management-Army, LLC, Airborne Communities, LLC, f.k.a., Bragg Communities, LLC, and Corvias Military Living, LLC (referred to collectively as the "Corvias Entities"), by their counsel of record, and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, allege as follows for their Complaint against defendant Philadelphia Indemnity Insurance Company ("Philadelphia"):

## Introduction

1.　　　This case pits several insureds against their commercial general liability insurance carrier with respect to the insurer's duty to defend the insureds in an underlying action known as *Lohrenz, et al. v. Bragg Communities, LLC, et al.*, Case No. 5:22-cv-00044-M, in the United States District Court for the Eastern District of North Carolina (the "*Lohrenz* Action").

2.　　　The defendant insurance carrier initially acknowledged that it owed plaintiffs a duty to defend the *Lohrenz* Action, but later denied any duty to defend or indemnify plaintiffs with

1

respect to the *Lohrenz* Action. Consequently, the defendant insurance carrier breached its duty to defend plaintiffs in the *Lohrenz* Action.

3.     Plaintiffs seek damages suffered by virtue of defendant's breach of the duty to defend along with prejudgment interest.

**The Parties**

4.     Plaintiff Airborne Communities, LLC ("Airborne") is a Delaware limited liability corporation with its principal place of business at 301 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. Airborne was formerly known as Bragg Communities, LLC. Airborne is an insured under the insurance policies at issue in this case.

5.     Airborne's members include Bragg-Picerne Partners, LLC and the United States Department of the Army, through the Secretary of the Army. Bragg-Picerne Partners LLC is a wholly owned subsidiary of Corvias Military Living, LLC.

6.     Airborne is the legal entity created by its members to carry out the privatized military family housing program at Ft. Bragg, North Carolina, as part of the Military Housing Privatization Initiative (MHPI) Act of 1996 – 10 USC 2871 – which provides the United States Military Services with alternative authorities for the ownership, management, construction, and improvement of on-base military housing.

7.     Plaintiff Corvias Management-Army, LLC is a Delaware limited liability corporation with its principal place of business at 301 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. Corvias Management-Army, LLC is an insured under the insurance policies at issue in this lawsuit.

8.     Corvias Management-Army, LLC is a wholly owned subsidiary of Corvias Military Living, LLC.

9.      Corvias Military Living, LLC is a Delaware limited liability corporation with its principal place of business at 301 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. Corvias Military Living, LLC is an insured under the insurance policies at issue in this lawsuit.

10.     Corvias Military Living, LLC is a wholly owned subsidiary of CM Intermediate, LLC, which is a wholly owned subsidiary of Corvias Military Solutions, LLC, which is a wholly owned subsidiary of Corvias Holdings, LLC, which is a wholly owned subsidiary of JGP Business Holdings, LLC, which is wholly owned by the John G. Picerne Business Trust 2012, whose trustee is John G. Picerne, who is domiciled in the State of Florida.

11.     Corvias Military Living, LLC, CM Intermediate, LLC, Corvias Military Solutions, LLC, Corvias Holdings, LLC, and JGP Business Holdings, LLC are Delaware limited liability corporations with their principal place of business at 301 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886.

12.     Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") is a Pennsylvania property and casualty stock company and a subsidiary of Philadelphia Consolidated Holding Corp., which is a member of the Tokio Marine Group. Philadelphia's principal place of business is One Bala Cynwyd Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004.

**<u>Jurisdiction</u>**

13.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) and (c) because this is action is between citizens of different states and the matter in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

14.     Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the defendant regularly conducts business operations in this judicial district.

**The Policies**

15.     From April 1, 2017, through April 1, 2020, Philadelphia issued a series of annual, commercial general liability insurance policies that named the Corvias Entities as insureds. (See Exhibits A, B, and C)

16.     Philadelphia issued Policy Nos. PHPK1632992, PHPK1798659, and PHPK1964188 having the policy periods of April 1, 2017, to April 1, 2018, April 1, 2018, to April 1, 2019, and April 1, 2019, to April 1, 2020, respectively.

17.     The insurance policies issued by Philadelphia are primary commercial general liability policies (hereinafter referred to collectively as the "CGL Policies").

**The *Lohrenz* Action**

18.     On January 26, 2022, Amy Lohrenz and her husband Major Michael Lohrenz, plaintiffs in the underlying *Lohrenz* Action, filed their complaint against the Corvias Entities. The underlying plaintiffs later filed a First Amended Complaint in the *Lohrenz* Action on March 8, 2022. A copy of the *Lohrenz* First Amended Complaint is attached as Exhibit D.

19.     In the *Lohrenz* Action, the plaintiffs originally asserted negligence, gross negligence and batter claims for bodily injury and property damage.

20.     The *Lohrenz* Action plaintiffs' First Amended complaint included counts for negligence, gross negligence, battery, and unfair and deceptive trade practices and violation of the North Carolina Residential Rental Agreements Act and Breach of warranty of Habitability and private nuisance, against Airborne Communities only, and breach of the covenant of good faith and fair dealing breach of contract. (See Exhibit D)

21.     The Corvias Entities retained the law firm of Holland & Knight LLP to represent them and defend them in the *Lohrenz* Action.

22.    Holland & Knight LLP defended the Corvias Entities in the *Lohrenz* Action, which culminated in the dismissal of the *Lohrenz* Action with prejudice on February 28, 2025.

23.    Holland & Knight LLP's fees and costs incurred by the Corvias Entities in the defense of the *Lohrenz* Action were reasonable and necessary.

## Philadelphia's Breach of Its Duty to Defend

24.    Immediately upon the filing of the *Lohrenz* Action, the Corvias Entities notified Philadelphia of the *Lohrenz* Action on January 10, 2022. Philadelphia acknowledged the Corvias Entities initial tender on February 17, 2022.

25.    Initially, Philadelphia acknowledged a duty to defend the Corvias Entities with respect to the *Lohrenz* Action, but reserved rights to deny coverage due to a variety of exclusions, and to deny indemnification for any damages on account of loss, injury, or damage due to intentional conduct on the part of the Corvias Entities.

26.    Upon the filing of the First Amended Complaint in the *Lohrenz* Action, the Corvias Entities tendered the First Amended Compliant to Philadelphia.

27.    In response, Philadelphia denied any obligation to defend or indemnify the Corvias Entities with respect to the *Lohrenz* Action.

28.    The Corvias Entities controlled their defense in the *Lohrenz* Action and Holland & Knight LLP served as independent counsel. Another insurance carrier, Illinois Union Insurance Company, acknowledged an obligation to provide a defense to the Corvias Entities in the *Lohrenz* Action and reimbursed the Corvias Entities for a portion of the defense costs at discounted rates.

29.    Pursuant to its duty to defend, Philadelphia was obligated to reimburse the Corvias Entities for the reasonable and necessary defense costs of the *Lohrenz* Action.

30.     The Corvias Entities seek to recover in excess of $75,000, as the measure of their damages being the unreimbursed, reasonable and necessary defense costs of the *Lohrenz* Action, along with prejudgment interest and the costs associated with bringing this action.

**COUNT I:**
**Breach of the Duty To Defend Against Philadelphia**

31.     The Corvias Entities incorporate by reference the allegations set forth in paragraphs 1 through 30, as though fully set forth herein.

32.     The insurance policies issued by Philadelphia to the Corvias Entities are contracts.

33.     The Corvias Entities fully performed under the contracts and satisfied all conditions precedent to performance by Philadelphia.

34.     Pursuant to the CGL Policies issued by Philadelphia, Philadelphia owed the Corvias Entities a duty to defend the *Lohrenz* Action.

35.     Philadelphia breached its duty to defend the Corvias Entities when it denied any duty to defend or indemnify the Corvias Entities in the *Lohrenz* Action.

36.     The Corvias Entities have been damaged by Philadelphia's breach of contract.

37.     The Corvias Entities are entitled to reimbursement of the reasonable and necessary defense costs incurred by the Corvias Entities in the defense of the *Lohrenz* Action, plus prejudgment interest.

**Jury Demand**

The Corvias Entities demand a jury as to all issues so triable.

**Prayer For Relief**

WHEREFORE, Plaintiffs Corvias Management-Army, LLC, Airborne Communities, LLC, and Corvias Military Living, LLC, pray for the Court to enter judgment in their favor and against defendant Philadelphia Indemnity Insurance Company finding that Defendant Philadelphia

Indemnity Insurance Company breached its duty to defend and awarding Plaintiffs damages in excess of $75,000 and award pre-judgment interest, and costs associated with prosecuting this lawsuit; and an award of such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Joseph V. Cavanagh, III*
Joseph V. Cavanagh, Jr. (#1139)
Joseph V. Cavanagh, III (#6907)
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, Rhode Island  02903
Telephone: (401) 831-8900
jvc@blishcavlaw.com
jvc3@blishcavlaw.com

Charles L. Philbrick (*pro hac vice* forthcoming)
Emily A. Shupe (*pro hac vice* forthcoming)
RATHJE WOODWARD LLC
300 E. Roosevelt Road, Suite 210
Wheaton, Illinois 60187
Telephone: (312) 451-6586
cphilbrick@rathjelaw.com
eshupe@rathjelaw.com

*Attorneys for Plaintiffs, Corvias Management-Army, LLC, Airborne Communities, LLC, f/k/a Bragg Communities, LLC, and Corvias Military Living, LLC.*

Dated:  March 5, 2026